**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:15-cv-81001-ROSENBERG/ HOPKINS**

PATRICIA KENNEDY,

    Plaintiff,

v.

5096 FOREST HILL INVESTMENTS, LLC,

    Defendant.

_____/

**ORDER DENYING MOTION TO VACATE DEFAULT FINAL JUDGMENT**

**THIS CAUSE** is before the Court on Defendant's Corrected Verified Motion for Relief from Judgment [DE 25]. The Court has reviewed the Motion, Plaintiff's response, *see* DE 26, and Defendant's reply, *see* DE 27, and is otherwise fully advised in the premises. As more fully explained below, Defendant's Motion [DE 25] is **DENIED** because it fails to establish either a good reason for failing to respond to the complaint or the existence of a meritorious defense.

**I.     PROCEDURAL HISTORY**

On July 21, 2015, Plaintiff filed a complaint against Defendant for violations of the Americans with Disabilities Act ("ADA"). *See* DE 1. She alleged that Defendant owned, operated, or leased a place of public accommodation that contained structural barriers to access for those who, like her, are in a wheelchair. *Id.* at 4 ¶¶ 1-6. Defendant was served on July 24, 2015. *See* DE 8. Defendant's response to the complaint was therefore due on August 14, 2015. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant failed to respond and, on September 3, 2015, a Clerk's Default was entered against Defendant. *See* DE 14. On October 20, 2015, Plaintiff moved for entry of a default judgment, which the Court entered on October 29, 2015. *See* DE 18, 21-22.

1

Defendant filed the instant verified motion to vacate the default on November 3, 2015,[1] requesting relief on the basis of excusable neglect. *See* DE 25. Defendant's motion is verified by Defendant's general counsel, Jason M. Lazar, Esq., and alleges the following. *Id.* at 4. James H. Batmasian is the managing member of Defendant. *Id.* at ¶ 2. The law firm representing Plaintiff in this action has filed several ADA actions against entities owned and managed by Batmasian. *Id.* at ¶ 3. All of those cases were "resolved through negotiation and settlement." *Id.* at ¶ 4. Defendant "did not think it necessary to file an appearance and an answer to the complaint," because of this "course of dealing" and because Defendant's general counsel "already had plans in place with Defendant's contractor for ADA improvements (the "Plans") to the real property at issue." *Id.* at ¶¶ 3, 6. Plaintiff's counsel did not call Defendant's office prior to the entry of the default, to attempt to confer. *Id.* at ¶ 5. Defendant's Plans "conflict in significant ways with the remediation requirements set forth in the judgment, and Defendant has legitimate questions as to the reasonableness of Plaintiff's attorney's fees and costs." *Id.* at ¶ 6. A copy of Defendant's Plans for the property is attached to the motion. *See* DE 25-1.

Plaintiff opposes the motion. *See* DE 26. She argues, first, that Defendant has not established a meritorious defense because Defendant's Plans do not address all of the violations alleged in her complaint, and because Defendant does not specify its objections to the award of attorney's fees and costs. *Id.* at 3 ¶ 8. Second, she argues Defendant has not shown excusable neglect because Defendant does not dispute its counsel had knowledge of the lawsuit and, in the prior cases between the parties, Defendant's counsel filed an answer prior to settling the matter. *Id.* at 3-4 ¶ 9.

In its reply, Defendant concedes that, "[e]ven if Defendant does not have a defense to every allegation in the Complaint, Defendant has met its burden of showing a defense which would have

---

[1] The Court denied Defendant's original motion to vacate without prejudice for failure to comply with Local Rule 7.1(a)(3). *See* DE 24. Defendant filed a corrected motion on the same day. *See* DE 25.

affected the outcome of the pleadings." DE 27 at 3. Defendant's reply also concedes that, in prior dealings between the parties, Defendant's counsel answered the complaints. *Id.* at 3 ¶ 9.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(1) allows a court to relieve a party from a final judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect."

> To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint.

*In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (internal quotations marks and citation omitted). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F. 3d 922, 934 (11th Cir. 2007).

## III. ANALYSIS

The Court finds that Defendant has not demonstrated a basis for relief from judgment under Rule 60(b)(1) because Defendant has not established a good reason for failing to respond to the complaint. Defendant does not assert that it was unaware of the complaint, of the Clerk's default, or of Plaintiff's motion for default judgment. More than three months passed between the filing of the complaint and the entry of a default judgment. *See Sloss*, 488 F. 3d at 935 ("The longer a defendant . . . delays in responding to a complaint, the more compelling the reason it must provide for its inaction when it seeks to set aside a default judgment."). The "course of dealing" relied upon by Defendant's counsel does not excuse Defendant's failure to act because Defendant's counsel admits that, in the prior cases filed by the firm representing Plaintiff, an answer was filed. *See* DE 27 at 3 ¶ 9. Defendant's counsel's subjective belief that the case would likely settle does not excuse the obligation to respond to the complaint. *See, e.g., N. Ins. Co. of New York v. Snooze, Inc.*, No.

3:13cv19/MCR/CJK, 2013 WL 3929693, *1 (N.D. Fla. July 29, 2013) (denying motion to vacate default where defendant's president "mistakenly believed that the Plaintiffs filed this lawsuit 'merely to preserve their rights'" and where defendant "attribute[d] its failure to respond to settlement discussions between the parties"). *Cf. Solaroll Shade & Shutter Corp. v. Bio–Energy Sys., Inc.,* 803 F.2d 1130, 1132 (11th Cir. 1986) ("[A]n attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation.").

Second, Defendant has failed to demonstrate the existence of a meritorious defense. Although Defendant asserts that it is or has modified its property to bring it into compliance with the ADA, Defendant admits that it "does not have a defense to every allegation in the Complaint," DE 27 at 3. Specifically, although Defendant's alleged modifications appear to address the complaint's allegations regarding the parking lot, the modifications do not address the complaint's allegations of non-compliant restrooms and inaccessible transaction counters. *See* DE 1 at 4 ¶¶ 1-6.[2]

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Corrected Verified Motion for Relief from Judgment [DE 25] is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 26th day of January, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record

---

[2] Defendant's assertion that it has unspecified "questions" about the reasonableness of Plaintiff's attorney's fees and costs is likewise insufficient to raise a meritorious defense. The Court also notes that it carefully reviewed Plaintiff's request for attorney's fees and costs and denied some of the requested fees. *See* DE 21.